UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DEBRA A. COLBERT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:15CV353 HEA |
|  | ) |  |
|  | ) |  |
| LVNV FUNDING, LLC, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss First Amended Complaint for Failure to State a Claim upon which Relief can be Granted, [Doc. No. 13]. Plaintiff opposes the motion and the motion is fully briefed. For the reasons set forth below, the Motion will be granted.

## **Facts and Background**

This action is based on events occurring in a previous debt collection action. The debt collection suit was brought by Defendant and against Plaintiff in the Associate Circuit Court of Lincoln County, Missouri on May 20, 2014. On August 22, 2014, Plaintiff filed her Answer in that case. After some written discovery, Defendant dismissed its case without prejudice on September 26, 2014. On January 22, 2015, Plaintiff filed this suit in the Circuit Court of St.

Louis County, Missouri, alleging that Defendant's conduct in connection with the debt collection suit violated the FDCPA. On February 25, 2015, Defendant removed this action to this Court pursuant to 28 U.S.C. § 1446. Plaintiff filed her Amended Complaint on March 26, 2015. Plaintiff added new allegations and a claim under the Missouri Merchandising Practices Act.

In the Amended Complaint, Plaintiff alleges that on June 4, 2009, Colbert filed for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Missouri, Case No. 09-45288. Plaintiff listed the account at issue in this case on her bankruptcy schedule. During these proceedings Plaintiff was represented by an attorney. On February 8, 2013, her Chapter 13 bankruptcy case was closed. On April 28, 2014, Defendant sent a collection letter to Plaintiff, allegedly bypassing her attorney, noting that it was in the process of "instituting suit against you." On May 2, 2014, Defendant filed its collection suit against Plaintiff. The affidavit that Defendant attached to its collection suit allegedly contained multiple false and misleading statements. Plaintiff reasons that the attestations were false because they were alleged to be based on the affiant's personal knowledge, when they were really based on business records provided by the original creditor. Plaintiff also alleges "upon information and belief" that the affiant's attestations were false, because the affiant allegedly had not reviewed the records that demonstrated Defendant had standing to file the collection suit.

Plaintiff further contends that Defendant was obligated to have proof of standing as a prerequisite to filing suit, but "did not possess and thus had not reviewed the bills of sale" to prove the assignment. Plaintiff also asserts that Defendant failed to attach any "original documentation" to its collection suit. "Upon information and belief," Defendant also uses form affidavits, and the affiant allegedly never actual reviews the account ("robo-signing").

The Amended Complaint further alleges that Defendant's representation as to its status as a "holder" of the account, "upon information and belief," is false. Given the nature of the alleged debt, Plaintiff argues that Defendant is not a "holder" of the account unless it controlled or possessed "the subject chattel paper." Based on this representation, Plaintiff was unsure to whom she was obligated to pay the debt. "To the best of Plaintiff's understanding, Springleaf subsequently filed a Notice of Lien on the collateral thus evincing that Defendant was not the valid 'holder' of the debt contrary to its representation within the Petition."

During the collection action, Plaintiff "engaged in discovery" and Defendant allegedly revealed that it had no evidence upon which to prosecute its baseless suit. On September 26, 2014, Defendant dismissed the collection suit. This was allegedly an admission that Defendant's allegations lacked merit. Because Defendant opted to dismiss its case, Defendant "never possessed the means or the

intent to produce the evidence required in Missouri to prove the amount and/or validity of the debt." Thus, Defendant was attempting to collect an amount it was not entitled to collect, in violation of Section 1692f(1). As a result of all these allegations, Plaintiff contends that Defendant violated Sections 1692b, 1692c, 1692d, 1692e, 1692f, and 1692g .

Plaintiff alleges Defendant used unfair business practices in allegedly deceiving Plaintiff about its means and intent to prove its case against her. The "trial tactic" was unfair, because Defendant allegedly never intended on proving its allegations, and allegedly knew it could not prove its allegations. Defendant allegedly made false statements "in an attempt to obtain a payment on the alleged debt." Plaintiff contends that this "occurred in connection with the enforcement of an alleged loan or line of credit."

## Legal Standard

In ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While a court must accept factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

## Discussion

"The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors . . ." *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1000 (8th Cir.2011). When a court is evaluating a debt collection communication, it must view it "through the eyes of an unsophisticated consumer." *Freyermuth v. Credit Bureau Services, Inc.,* 248 F.3d 767, 771 (8th Cir.2001). The standard is "designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." *Strand v. Diversified Collection Service, Inc.,* 380 F.3d 316, 317–18 (8th Cir.2004) (internal quotations and citations omitted). It "protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar

interpretations of collection letters." *Id*. *Bland v. LVNV Funding, LLC*, No. 4:15 CV 425 RWS, 2015 WL 5227414, at *2 (E.D. Mo. Sept. 8, 2015). Section 1692d of the FDCPA provides that "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt." Section 1692e provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." This includes a prohibition on a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

Section 1692f provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

While the FDCPA's prohibitions apply to collection efforts through litigation, they also seek to preserve the judicial remedies of creditors. *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 818 (8th Cir. 2012)). For these reasons, the Eighth Circuit has held that the determination of whether a plaintiff states a claim under the FDCPA based on litigation conduct is best decided on a case-by-case basis. *Id*. at 819.

Count I of Plaintiff's Amended Complaint alleges the following: Defendant threatened to take legal action that could not be legally taken or that

Defendant did not intend to take, including filing a lawsuit without the intent of proving the validity of its claims. 15 U.S.C. § 1692e(5); communicating with a consumer Defendant knew to be represented by counsel. 15 U.S.C. § 1692b, c[1]; making false, deceptive, and misleading statements within its Petition and the Affidavit Defendant attached to its lawsuit. 15 U.S.C. § 1692e-f; failing to ensure the attorney who signed its collection communications, including the April 28, 2014 letter, actually reviewed Plaintiff's collection file before sending a communication bearing that attorney's signature and failing to disclose the lack of such review. 15 U.S.C. § 1692e(3); utilizing false, unfair, and misleading representations in connection with the collection of a debt, including filing a lawsuit for which Defendant never possessed the means or intent to prove its underlying allegations; 15 U.S.C. § 1692e-f; misrepresenting the amount, character, and legal status of Plaintiff's alleged debt within the collection communication with Plaintiff by falsely claiming that Defendant was the valid holder of the alleged debt and by listing different amounts of the debt within its Petition, Affidavit, and Account Statement; 15 U.S.C. § 1692e, g; filing a debt collection lawsuit against a consumer for the unfair, harassing, and abusive purpose of obtaining either a default or consent judgment on a debt for which

---

[1] Plaintiff advises the Court in her Response that she has no issue with dismissal of her claims under § 1692b and c.

Defendant had neither the intent nor means to prove. 15 U.S.C. § 1692d-f; attempting to collect an amount not expressly authorized by the agreement that created the alleged debt. 15 U.S.C. § 1692f(1).

Count II is brought under the Missouri Merchandising Practices Act. Plaintiff claims Defendant used deception, false pretenses, false promises, misrepresentation, factual omissions and unfair business practices when it deceived Plaintiff about its means and intent to prove a breach of contract or account stated cause of action against Plaintiff.

**Section 1692e(3)**

Section 1692e(3) prohibits a "false representation or implication that any individual is an attorney or that any communication is from an attorney." Plaintiff's First Amended Complaint attempts to extend the language of § 1692e(3) by claiming that Defendant violated this section because Defendant failed to ensure the attorney who signed its collection communications actually reviewed Plaintiff's collection file. Plaintiff's First Amended Complaint sets out that Mr. Gamache, counsel for Defendant in the underlying suit, is an attorney, and therefore, there can is no false representation or implication regarding the fact that the communication was from an attorney.

**Section 1692e(5)**

Section 1692e(5) prohibits a "threat to take any action that cannot legally be taken or that is not intended to be taken." Plaintiff's First Amended Complaint, which clearly sets out that a lawsuit was in fact filed, fails to state a claim pursuant to § 1692e(5), which by its terms prohibits only threats. Because the lawsuit was filed, Plaintiff has failed to set out sufficient facts to state a plausible claim of a threat under this section.

**Failure to Attach Documents to the State Court Petition**

Plaintiff alleges that Defendant failed to attach any original documentation to its collection suit or agreement purportedly existing between the original creditor and Plaintiff.

Accepting as true Plaintiff's factual allegations that the documents were not attached to the petition, Plaintiff has failed to state a claim under the FDCPA because Plaintiff's legal conclusion is incorrect as a matter of law. Missouri Revised Statutes § 517.031 merely states that, when filing a petition, "A copy of any written instrument or account in support of the petition should be attached and filed." *Id.* The word "should" is merely advisory. As a result, based on the plain language of the statute, there is no requirement that a plaintiff attach these supporting documents to a petition. Plaintiff also argues that *CACH, LLC v. Askew*, 358 S.W.3d 58, 60 (Mo. 2012), requires a debt collector plaintiff to attach an affidavit from the original creditor to the petition. Plaintiff

misstates the holding of *Askew*. In *Askew*, the court merely held that the debt collector plaintiff did not produce competent evidence of assignment of the debt at trial and, as such, the debt collector did not demonstrate that it had standing to pursue the claim at trial. *Id.* at 65. It never suggested that such evidence must be produced at the time of filing. *Id.*

Moreover, even if the failure to attach these types of documents would violate Missouri law, the violation of a state law does not amount to a FDCPA violation. While § 1692f prohibits "unfair or unconscionable means to collect or attempt to collect any debt," it is not "an enforcement mechanism for other rules of state and federal law." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* 480 F.3d 470, 474 (7th Cir. 2007); see also *Carlson v. First Revenue Assur.*, 359 F.3d 1015, 1018 (8th Cir. 2004) ("The FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation."). As a result, any claim that Defendant violated the FDCPA when it failed to attach these documents to its state court petition will be dismissed for failure to state a claim.

**False, Deceptive and Misleading Statements within Lawsuit and Affidavit**

Although the filing of an affidavit is subject to the FDCPA, *Eckert v.*

*LVNV Funding LLC*, 647 F.Supp. 2d 1096, 1103 (E.D. Mo. 2009), a review of the affidavit at issue here shows that Plaintiff's allegations lack merit. The affidavit clearly states that it is written by an Authorized Representative for Defendant and that she is authorized to execute the affidavit on behalf of Defendant. The affiant further states that she is she is the custodian of Defendant's business records, and that the scope of her job responsibilities included the supervision or oversight of credit account records maintained by Defendant. The affidavit contains the specific account number and the amount of the debt.

In deciding a motion to dismiss, while a court must accept factual allegations as true, it need not accept as true legal conclusions. *Carton v. Gen. Motor Acceptance Corp*., 611 F.3d 451, 454 (8th Cir. 2010) (internal citations omitted). Here, Plaintiff has not explained why the statements in the affidavit are false or deceptive.

Nor is the affidavit false on its face. Plaintiff's argument that the affidavit is false because no one other than an original lender employee could have personal knowledge of the debt, so the affiant's claim of having personal knowledge is deceptive is conclusory. But that conclusion does not necessarily follow. Moreover, it is just that – a conclusion, which the Court need not accept

as true. *Carton,* 611 F.3d at 454. As a result, Plaintiff has not plausibly established that the affidavit is false, and her claims based on the "false" affidavit will be dismissed. See *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

**Section 1692e(5)**

Plaintiff alleges that Defendant served Plaintiff with a copy of the knowingly unsubstantiated Petition and false affidavit, and that it revealed through discovery that it had no evidence upon which to prosecute its baseless lawsuit.

Plaintiff's claims are similar to two types of FDCPA claims challenging litigation conduct in a previous debt collection suit. The first type of claim is that the filing of a debt collection lawsuit, without the immediate means of proving the existence of the debt, the amount of the debt, or that the debt collector owned the debt, is a FDCPA violation. Courts, including the United States Court of Appeals for the Sixth Circuit, have held that these types of allegations do not amount to a claim under the FDCPA. See *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 329-333 (6th Cir. 2006). The second type of claim is that the filing of a debt collection lawsuit, without sufficient evidence at the time of filing, and without the intent to investigate or fully

12

prosecute the case, may constitute a false or misleading representation in violation of the FDCPA. Some district courts, including this one, have found that these types of allegations may state a claim. The rationale behind recognizing such a claim appears to be that the party, in filing a suit, represents that they intend to prosecute it. As a result, if there is no actual intent to prosecute the case, the filing of the debt collection suit amounts to a misrepresentation that the intent exists. See, e.g., *Hinten v. Midland Funding, LLC*, No. 2:13CV54, 2013 WL 5739035 at *2 (E.D. Mo. Oct. 22, 2013); *Brewer v. LVNV Funding, LLC*, No. 4:14CV00942, 2014 WL 5420274 (E.D. Mo. Oct. 22, 2014).

Plaintiff's allegations do not amount to a claim that Defendant filed suit never intending to prove its case in violation of the FDCPA. Even when construing the allegations in the light most favorable to Plaintiff, the First Amended Complaint merely suggests that when Defendant filed the state court suit, it did not have the evidence necessary to succeed at trial. Defendant participated in discovery and made the decision to dismiss the action only after that discovery was conducted. This action does not set out that Defendant never intended to pursue the underlying lawsuit.

As the Eighth Circuit has explained, although the FDCPA applies to litigation collection efforts, care must also be taken to preserve the judicial remedies of creditors. *Hemmingsen*, 674 F.3d at 818.

Additionally, even if Plaintiff's First Amended Complaint did state a valid theory for recovery under the FDCPA, the complaint would still fail because Plaintiff's allegations are devoid of factual support. In finding that the plaintiffs' claims would survive a motion to dismiss, the *Hinten* and *Brewer* courts emphasized the plaintiffs' factual support for their claims. In *Hinten*, for example, the court stressed the fact that defendants had allegedly "filed at least two suits with insufficient evidence to prove its case, never participated in discovery or responded to requests for documentation, and dismissed on the eve of trial without notice or explanation." *Hinten*, 2013 WL 5739035 at * 8. Likewise, the *Brewer* court noted that defendants had dismissed the debt collection action on the eve of trial. In contrast, here, Plaintiff has not alleged any facts to support the inference that Defendant filed the debt collection suit without the intent to prove its case. Indeed, Defendant participated in discovery and only after that discovery did it dismiss its case.

Plaintiff's allegations amount to conclusory assertions based on broad generalizations about Defendant's intent. As a result, Plaintiff's allegation that Defendant lacked the intent to obtain judgment in state court is inconsistent with her own pleaded facts. For these reasons, Plaintiff has failed to "nudge[] [her] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). As a result, Plaintiff's allegations are insufficient to state a claim of Defendant "[u]tilizing false, unfair, and misleading representations in connection with the collection of a debt"; "[e]ngaging in deceptive and harassing conduct in the collection of a debt"; or "us[ing] unfair and unconscionable practices to attempt to collect the debt."

**Section 1692f(1)**

Plaintiff claims that Defendant did not explain the difference between the amounts in the lawsuit and affidavit other than indicate that the amount included interest. The Petition in the state court clearly indicated that it was seeking interest "provided by law," thus, statutory interest was set out by Defendant and Plaintiff has failed to state a claim under Section 1692f(1).

**Missouri Merchandising Practices Act**

Plaintiff's First Amended Complaint fails to state a cause of action under the MMPA for the simple reason that Plaintiff has failed to connect her

*purchase* of merchandise with her alleged losses; her losses are allegedly the result of Defendant's filing of the underlying lawsuit. See *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 895 (8th Cir. 2014).

## Conclusion

For the reasons stated above, Plaintiff's claims fail to properly state a claim under the FDCPA and the MMPA, the First Amended Complaint will be dismissed.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss First Amended Complaint for Failure to State a Claim upon which Relief can be Granted, [Doc. No. 13] is GRANTED and the case is dismissed without prejudice.

Dated this 21st day of January, 2016.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE